**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **Boxey Tech LLC,** | Case No. 6:20-cv-586 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Neutron Holdings, Inc. d/b/a Lime,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Boxey Tech LLC ("Boxey Tech"), through its attorneys, complains of Neutron Holdings, Inc. d/b/a Lime ("Defendant"), and alleges the following:

**PARTIES**

1.      Plaintiff Boxey Tech LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 5570 FM 423, Suite 250-2049, Frisco, TX 75034.

2.      Defendant Neutron Holdings, Inc. d/b/a Lime is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 85 2nd St Ste 100 San Francisco, CA 94105.

**JURISDICTION**

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has employees who work in the District. In addition, Boxey Tech has suffered harm in this district.

### PATENT-IN-SUIT

7.      Boxey Tech is the assignee of all right, title and interest in United States Patents No. 8,560,238 (the "'238 Patent") and 8,731,833 (the "'833 Patent") (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Boxey Tech possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '238 Patent

8.      The '238 Patent is entitled "Computing paths between geographical localities," and issued August 29, 2013. The application leading to the '238 Patent was filed on February 1, 2011. A true and correct copy of the '238 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9.      The '238 Patent is valid and enforceable.

### The '833 Patent

1.   The '833 Patent is entitled "Computing paths between geographical localities," and issued May 20, 2014. The application leading to the '833 Patent was filed on July 23, 2013. A true

and correct copy of the '833 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

2.      The '833 Patent is valid and enforceable.


### COUNT 1: INFRINGEMENT OF THE PATENTS-IN-SUIT

3.      Boxey Tech incorporates the above paragraphs herein by reference.

4.      **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the Patents-in-Suit in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Products identified in the charts incorporated into this Count below (the "Exemplary Products") that infringe at least the exemplary claims of the Patents-in-Suit also identified in the charts incorporated into this Count below (the "Exemplary Patents-in-Suit Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the Patents-in-Suit have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

5.      Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary Patents-in-Suit Claims, by having its employees internally test and use these Exemplary Products.

6.      The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

7.      Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the Patents-in-Suit. On information and belief, Defendant has also continued to sell the Exemplary Products and distribute product literature and website materials inducing end users and others to use its

products in the customary and intended manner that infringes the Patents-in-Suit. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the Patents-in-Suit.

8.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the Patents-in-Suit, literally or by the doctrine of equivalents, by providing the Exemplary Products to their customers for use in end-user products in a manner that infringes one or more claims of the Patents-in-Suit.

9.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the Patents-in-Suit, literally or by the doctrine of equivalents, by providing the Exemplary Products to their customers for use in end-user products in a manner that infringes one or more claims of the Patents-in-Suit. Moreover, the Exemplary Products are not a staple article of commerce suitable for substantial noninfringing use.

10.     Exhibit 2 includes charts comparing the Exemplary Patents-in-Suit Claims to the Exemplary Products.  As set forth in these charts, the Exemplary Products practice the technology claimed by the Patents-in-Suit.  Accordingly, the Exemplary Products incorporated in these charts satisfy all elements of the Exemplary Patents-in-Suit Claims.

11.     Boxey Tech therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

12.     Boxey Tech is entitled to recover damages adequate to compensate for Defendant's infringement.

**JURY DEMAND**

13.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Boxey Tech respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Boxey Tech respectfully requests the following relief:

A.     A judgment that the Patents-in-Suit are valid and enforceable;

B.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the Patents-in-Suit;

C.     An accounting of all damages not presented at trial;

D.     A judgment that awards Boxey Tech all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Boxey Tech for Defendant's infringement, an accounting:

   i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Boxey Tech be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

   ii.     that Boxey Tech be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii.     that Boxey Tech be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: June 29, 2020                    Respectfully submitted,

_/s/ Isaac Rabicoff_
Isaac Rabicoff
**Rabicoff Law LLC**
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Boxey Tech LLC**